UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
JOSHUA RAMUS,                                                          :
:
                         Plaintiff,             :
:
       -v-                                                             :       23 Civ. 1770 (JPC)
:
GRAHAM R. BRUWER and GERARD E. METOYER,                                :         ORDER
:
                         Defendants.            :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       On March 17, 2025, the Court issued an Opinion and Order granting in part and denying in part Defendants' motion to dismiss Plaintiff's Complaint. Dkt. 59. Then, on April 2, 2025, the Court held a conference with the parties to discuss whether Plaintiff's Third Cause of Action, for diversion of trust assets under Article 3-A of the New York Lien Law ("Lien Law"), must proceed on a representative basis and, if so, in what form. *See* April 2, 2025 Minute Entry. The parties subsequently filed letter briefs outlining their positions with respect to that issue. Dkts. 60 (Plaintiff's brief), 61 (Defendants' brief).

       Because Plaintiff's cause of action for diversion of trust assets arises under Article 3-A of the Lien Law, that claim must proceed through a "representative action brought for the benefit of all beneficiaries of the trust." N.Y. Lien Law § 77(1); *see U.S. Fid. & Guar. Co. v. Madison Fin. Corp.*, No. 01 Civ. 3008 (CM), 2002 WL 31731020, at *7 (S.D.N.Y. Dec. 4, 2002) ("[C]ourts have interpreted [Section 77 of the Lien Law] to preclude individual suits to enforce a trust."). And since Plaintiff brought this action in federal court, the Federal Rules of Civil Procedure govern the mechanism through which to bring such a representative action. *See Shady Grove Orthopedic*

*Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 408 (2010).[1] To avoid dismissal of his Article 3-A claim, Plaintiff therefore "must either pursue this action as a class action under Rule 23 or join all beneficiaries in the case." *Tutor Perini Bldg. Corp. v. N.Y.C. Reg'l Ctr., LLC* ("*Tutor Perini*"), 525 F. Supp. 3d 482, 502 (S.D.N.Y. 2021); *see Iberia Roads*, 2024 WL 4145227, at *7 (holding that "Lien Law claims must be dismissed" unless the plaintiff either "join[s] all potential beneficiaries or seek[s] Rule 23 class treatment"). Accordingly, the Court will require Plaintiff to either join all potential beneficiaries to the Article 3-A trust that is the subject of the Third Cause of Action, or plead class claims and seek class certification pursuant to Rule 23. The failure to do so will result in dismissal of the Third Cause of Action without prejudice.[2]

As stated on the record during the conference held on April 2, 2025, Plaintiff's request to file an amended complaint is granted. If Plaintiff wishes to proceed with his Article 3-A claim, the amended complaint must be filed in a representative capacity on behalf of all beneficiaries of the trust, and Plaintiff shall either join all potential beneficiaries or seek class certification under Rule 23. In addition, Plaintiff's amended complaint must plausibly allege diversity jurisdiction, including the citizenship (which, for individuals, means their state of *domicile*, not residence) of each party. Plaintiff's amended complaint may also replead Plaintiff's cause of action for fraud, provided that Plaintiff believes in good faith that he can address the deficiencies identified in the

---

[1] The Court therefore lacks the flexibility that courts applying New York state procedural rules have to excuse compliance with procedural requirements. *Iberia Roads Markings Corp. v. Freire* ("*Iberia Roads*"), No. 19 Civ. 3410 (SJB), 2024 WL 4145227, at *7 (E.D.N.Y. Mar. 29, 2024) ("[B]ecause [the plaintiff] chose to bring this action in federal court on the basis of diversity, the Federal Rules of Civil Procedure, including Rule 23—not [N.Y. C.P.L.R.] § 901(a)(1)—apply."); *see* N.Y. Lien Law § 77(1).

[2] Even if it had the power to do so, the Court would decline to excuse compliance with Rule 23 or permit Plaintiff to join only those beneficiaries who affirmatively wish to "opt-in" to this litigation, as either path "would permit [Plaintiff] to effect an end-run around the limits of the Court's diversity jurisdiction" and the Federal Rules of Civil Procedure, *Tutor Perini*, 525 F. Supp. 3d at 504 n.10, and fail to ensure that the Court "[has] before it all potential trust beneficiaries," *id.* at 502 (internal quotation marks omitted).

Court's March 17, 2025 Opinion and Order, as well as plead additional causes of action arising out of the parties' dispute if appropriate. Plaintiff shall file the amended complaint on or before June 20, 2025.

    SO ORDERED.

Dated: May 20, 2025
       New York, New York

                                            JOHN P. CRONAN
                                    United States District Judge